UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                    :

DANIEL BERMUDEZ LOPEZ,                                          :

                    Plaintiff,                 :

         -v-                                        :            25 Civ. 8885 (JPC)

ENRIQUE LERMA, *et al.*,                                        :            ORDER

            Defendants.              :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Daniel Bermudez Lopez initiated this case by filing a Complaint on October 27, 2025.  Dkt. 1 ("Complaint").  On October 28, 2025, Plaintiff filed an affidavit from a process server who purports to have served Defendant Disfruting Two LLC by delivering "the annexed Summons . . . and Complaint" to an authorized agent of the New York Secretary of State.  Dkt. 9; *see* N.Y. Ltd. Liab. Co. Law § 303(a) (allowing for service upon a limited liability company by "[p]ersonally delivering to and leaving with . . . any person authorized by the secretary of state to receive such service . . . copies of such process together with the statutory fee").  There was, however, no Summons or Complaint annexed to the process server's affidavit.  On November 7, 2025, Plaintiff filed two additional affidavits from another process server who purports to have served Defendants Enrique Lerma and Anne O'Hare by delivering copies of the Summons and Complaint to a "Mr. Roberto" at 110 Saint Mark's Place in New York City.  Dkts. 10-11.  Those affidavits do not specify whether Mr. Roberto was a patron or employee at the restaurant, and while they assert that 110 Saint Mark's Place is Lerma's and O'Hare's regular place of business, the Complaint contains no such allegations.  Rather, the Complaint merely alleges that Lerma and O'Hare "own, operate, or control" a restaurant at that location.  Complaint ¶ 2.

Although "a process server's affidavit of service establishes a prima facie case of the account of the method of service," *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002), the affidavits of service here leave unclear whether the methods of service upon Defendants were proper.  In particular, the affidavit of service on Disfruting Two LLC does not specify which Summons and Complaint were delivered to the registered agent of the Secretary of State, and the affidavits of service on Lerma and O'Hare do not specify whether "Mr. Roberto" was an employee of Defendants who was likely to inform them of the pendency of this suit.  *See Raschel v. Rish*, 504 N.E.2d 389, 390 (N.Y. 1986) (explaining that while a "hospital administrator . . . [is] conceivably qualified to accept service for [a] defendant doctor pursuant to CPLR 308(2), . . . [t]he administrator had to know, for example, that service was being made on the doctor as well as the hospital, notify him, and furnish him with copies of the documents"); *cf. F. I. duPont, Glore Forgan & Co. v. Chen*, 364 N.E.2d 1115, 1117 (N.Y. 1977) (affirming the propriety of a Deputy Sherriff's service upon a doorman because it was "found explicitly that this doorman had functioned as a responsible communicator; he had informed the Deputy Sheriff that defendants had received the latter's message").

In federal litigation, "all doubts must be resolved in favor of . . . ensur[ing] that to the extent possible, disputes are resolved on their merits."  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).  To alleviate any doubts about the propriety of service, Plaintiff must serve copies of the Summons, Complaint, and this Order on Defendants by personally delivering it to their actual place of business or dwelling.  With respect to Disfruting Two LLC, service should be made on a person authorized to accept service on behalf of the company.  *See* N.Y. C.P.L.R. § 311-a(a).  And to the extent that Lerma and O'Hare are served at 110 Saint Mark's Place, Plaintiff should provide additional facts showing why that address is their place of business.  Plaintiff's affidavits of service should also provide a more fulsome description of the individuals who accept delivery, including

facts showing why it is reasonable for the server to believe that those individuals are qualified to accept service on behalf of each Defendant. *See Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980) ("Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient."). Proof of service in accordance with this Order should be filed on the docket no later than December 23, 2025.

       SO ORDERED.

Dated: December 4, 2025
       New York, New York

                                 JOHN P. CRONAN
                        United States District Judge